Dear Mayor Muniz:
You advise this office that Mr. Cedric Floyd was the Chief Administrative Officer of a prior administration in Kenner. He was suspended without pay by the former mayor on September 20, 2005. He was arrested by the Kenner Police Department on September 23, 2005. Criminal charges have yet to be filed against Mr. Floyd by the district attorney; however, he formally resigned his position on June 20, 2006 and has requested that he be paid his salary and all benefits for the time between his suspension and his resignation.
Mr. Floyd was suspended because of pending criminal charges; however, LSA-R.S. 42:1411 provides that a public officer shall be suspended from his office without compensation upon conviction of a felony rather than upon indictment for a criminal offense. R.S.42:1411(A) and (B) provide:
 § 1411. Public officer; ground for removal; suspension; definitions
 A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
 B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation. The suspension from public office without compensation shall continue until the conviction is final and all appellate review of the original trial court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he receive any compensation, pay, allowance, emolument, or privilege of his office. If the conviction is reversed on appeal, the public official shall be entitled to and shall receive full back pay with legal interest thereon from the date of suspension, compensation, and all rights, duties, powers, allowances, emoluments, and privileges of office to which he would have been entitled had he not been suspended. *Page 2 
Thus, it is our opinion that the chief administrative officer was improperly placed on leave without pay in contravention to R.S. 42:1411. Since Mr. Floyd's suspension was premature, he is entitled to be reimbursed for his salary for the period between the date of his suspension and the date he formally resigned. His compensation includes his insurance and retirement benefits.
This office has issued a similar conclusion in Attorney General Opinion 02-0321 concerning the improper suspension without pay of a parish employee. We attach a copy of that opinion for your review.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: _______________________
 KERRY L. KILPATRICK
 Assistant Attorney General
 *Page 3 
 ATTACHMENT November 22, 2002 Opinion Number 02-0321
 84 Parishes
 90-A Political Subdivisions — Officers, Agents 
 Mr. Ricky L. Babin Employees
 Assistant District Attorney
 23rd Judicial District Court Parish employee was improperly placed on leave
 430 South Burnside, Suite A without pay and must be reinstated and reimbursed
 Gonzales, LA 70737 in pay.

Dear Mr. Babin:
We received your request for an opinion regarding the reimbursement of retirement benefits to a parish employee who was suspended without pay after being charged with a felony.
As indicated in your request, Section 3 of the parish employee conduct and discipline manual provides that any employeeindicted or charged with a felony offense shall be immediately placed on leave without pay. The manual further provides that if the employee is found guilty, he must be fired. If the employee is found innocent of the charge, he is reinstated and reimbursed in pay.
La. R.S. 42:1411 provides that a public officer shall automatically be suspended from his office without compensation upon conviction of a felony. Thus, unlike the parish manual, the state's statute provides for suspension without compensation upon conviction rather than indictment of a felony offense. We believe the parish manual is in direct conflict with the statute. And it is in conflict with Article 1, Section 16 of the Louisiana Constitution that mandates every individual charged with a crime be presumed innocent until proven guilty.
It is, therefore, our opinion that this employee was improperly placed on leave without pay. We believe so not because he was ultimately found guilty of a misdemeanor but because he was suspended without pay prior to the conviction of any crime. It is further our opinion that this employee must be reinstated and reimbursed in pay. Please note that compensation or pay includes those benefits earned by the employee, i.e., insurance and retirement. *Page 4 
We trust that this adequately responds to your request. If you have any questions or need additional information, please do not hesitate to contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________ TINA VICARI GRANT Assistant Attorney General